UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHENG SAETERN,

               Petitioner,

    v.

L. GARNICA,

               Respondent.

Case No.  2:25-cv-2572-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief.  On February 10, 2026, I found that the petition was deficient because it failed to identify what conviction it was attacking and when that conviction was finalized.  ECF No. 6.  I dismissed the petition with leave to amend, and he has submitted an amended petition, ECF No. 7.  After review of the petition, I find that the claims therein are untimely and recommend that it be dismissed on that basis.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

1

*Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act, state prisoners are subject to a one-year statute of limitations to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Here, petitioner alleges that he took a plea deal that he did not understand more than a decade ago, in February 2013.  ECF No. 7 at 2.  Petitioner's first language is Laotian, and he claims that his attorney prompted him when to say "yes" or "no" during the proceedings, which were conducted without an interpreter.  *Id.*  Petitioner, who also claims to possibly be "mentally challenged," composed the instant petition with the assistance of another inmate.  *Id.* He argues that his lack of proficiency in English and inability to procure legal materials in his own language warrants equitable tolling of the statute of limitations.  *Id.* at 7.  I disagree.

It is true, as petitioner asserts, that lack of proficiency in English can warrant equitable tolling where the petitioner cannot procure legal materials in his native tongue or receive translation assistance.  *See Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014).  Here, however, petitioner cannot realistically claim that more than a decade of tolling is warranted.  By his own allegations, petitioner understood the alleged deficiencies in his plea proceedings at the time when they occurred.  Petitioner does not explain why, for nearly thirteen years, he could not obtain translational assistance of any kind to explore and litigate a plea deal he understood was faulty.  Petitioner makes no assertions as to what efforts he undertook during that lengthy period, or why those efforts were so wholly unsuccessful that he could only submit this petition now, nearly thirteen years after the plea deal was finalized.  *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) (finding no equitable tolling where petitioner with limited English proficiency did not show that he was diligent in obtaining legal materials in his own language or translation assistance).

I also must reject petitioner's assertion that his reduced mental capacity entitles him to equitable tolling.  To establish equitable tolling based on mental impairment, a petitioner must meet the following standard:

> (1) First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control, by demonstrating the impairment was so severe that either

2

          (a) petitioner was unable rationally or factually to personally understand the need to timely file, or

          (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

          (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-100 (9th Cir. 2010) (internal citations and footnote omitted). Petitioner has not made that showing here. He asserts that he has the functional equivalent of a third-grade education and "may be mentally challenged," but this alone is insufficient to meet the standard. Petitioner has not shown either that his impairment (to the extent one exists) was severe enough, or that he was diligent during the lengthy period between the faulty plea deal proceedings and the instant petition.

Based on the foregoing, I find that petitioner is not entitled to more than a decade of equitable tolling, and that his claims are untimely.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended petition, ECF No. 7, be DISMISSED without leave to amend as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

IT IS SO ORDERED.


Dated:    April 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE